12314.   NELSON *v*. THE STATE.

</div>

1. The crime charged in this case was not committed by "misfortune or accident," and the judge did not err in failing to give in charge to the jury section 40 of the Penal Code of 1910.
2. "Where error is assigned to the charge as a whole, such assignment will

not be considered if it appears that any part of the charge complained of was legal."

3. "In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of the theory of the accused presented solely by the prisoner's statement."

4. Under the facts of this case the judge did not err in giving in charge to the jury the excerpt of which complaint is made in ground 7 of the motion for a new trial.

5. The court did not err "in failing to charge the jury the definition of a crime or misdemeanor as found in section 31 of the Penal Code of 1910."

(a) "Intention," as used in that section, refers simply to the intent to do the act which resulted in a violation of the law, and not to the intent to commit the crime itself.

6. The evidence demanded the verdict, and no error of law was committed.

o                    DECIDED MAY 11, 1921.

Accusation of violating automobile law; from city court of Oglethorpe — Judge Greer. February 28, 1921.

*Gilbert C. Robinson,* for plaintiff in error.

*John B. Guerry, solicitor,* contra.

BLOODWORTH, J. The accusation in this case is based upon section 2 of an act approved August 20, 1918 (Ga. L. 1918, p. 200), and charges that the accused operated an automobile on a public highway in Macon county "without having two bright lights burning on same throwing a light at least fifty feet ahead during the period between one hour after sunset and one hour before sunrise." The trial resulted in a verdict of guilty. A motion for a new trial was overruled, and the movant excepted.

1. The judge did not err in failing to give in charge to the jury § 40 of the Penal Code of 1910, which is as follows: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." The crime for which the plaintiff in error was prosecuted may have *followed* a "misfortune or accident," but it was not *committed* by "misfortune or accident." The accused voluntarily and deliberately drove the car *after* the alleged "misfortune or accident."

2. Error is alleged as to the charge as a whole. Under repeated rulings of the Supreme Court, before such a ground can be sustained, it must appear that the entire charge was error. It does not so appear in this case. "Where error is assigned to the charge as a whole, such assignment will not be considered if it appears that any part of the charge complained of was legal." *Dixon*

v. *State,* 105 *Ga.* 787 (1) (31 S. E. 750). See also *Anderson* v. *State,* 72 *Ga.* 98 (2); *Smith* v. *State,* 119 *Ga.* 113 (3) (46 S. E. 79); *Miller* v. *State,* 121 *Ga.* 135 (2) (48 S. E. 904).

3. Complaint is made that the "court erred in failing to charge the defense offered by movant." This defense arose solely from the statement of the defendant, and, in approving this ground of the motion for a new trial, the judge in a note said: "No request, written or otherwise, was made by defendant's counsel for any other or further charge than was given by the court." "In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of the theory of the accused presented solely by the prisoner's statement." *Weldon* v. *State,* 21 *Ga. App.* 330 (94 S. E. 326).

4. Under the facts of this case the following charge was not erroneous: "A person has no right to operate a motor-vehicle upon the public highways of the State between the hours prescribed in the law without the lights therein prescribed; and if a person should be operating such motor-vehicle at night and between the hours prescribed in the statute, and the lights should become suddenly extinguished, it would be the duty of said person to stop, and not drive such vehicle further on a public highway; and if he should so drive after such lights become extinguished upon a public highway, he would violate this law and be liable to prosecution as for a misdemeanor."

5. The last ground of the motion for a new trial alleges error "because movant contends that the court erred in failing to charge the jury the definition of a crime or misdemeanor, as found under section 31 of Park's Penal Code, which is as follows: 'A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union of joint operation of act and intention or criminal negligence.'" This ground of the motion is without merit. "The judge should explain to the jury the meaning of technical terms which occur in his instructions; but a failure to do so will not generally be ground for a new trial, in the absence of an appropriate and timely written request for such explanation." *Weldon* v. *State,* 21 *Ga. App.* 330 (1 *e*) (94 S. E. 326), and cases cited. While criminal intent is a necessary element in the commission of the crime for which the plaintiff in error was prosecuted, criminal intent is simply the intent

to do the act which results in the violation of the law, and not the intent to commit the crime itself. "The defendant intended to commit the act which the law prohibits." *Mitchell* v. *State,* 20 *Ga. App.* 778 (2) (93 S. E. 709).

6. The evidence demanded the verdict, no error of law was committed, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*