### 72783. NEVINS v. THE STATE.
(349 SE2d 17)

SOGNIER, Judge.

Nevins appeals from his conviction of two counts of violating the Georgia Controlled Substances Act by possessing tetrahydrocannabinols and marijuana with intent to distribute those substances. In his sole enumeration of error appellant contends the trial court erred by charging the jury: "I charge you that every person is presumed to be of sound mind and discretion but this presumption may be rebutted." Appellant argues that this charge shifted the burden of persuasion to him on an essential element of the offenses charged, and is reversible error under the ruling in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344). This enumeration of error is without merit.

The presumption of sanity referred to in the charge complained of did not relate to an element of the offenses charged. There was no issue in this case as to mental competency or insanity of appellant, and under Georgia law every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. OCGA § 16-2-3; *Butler v. State*, 252 Ga. 135, 137 (311 SE2d 473) (1984); *Strozier v. State*, 254 Ga. 712, 713 (334 SE2d 181) (1985) (decided subsequent to *Francis*, supra). Thus, the court's charge was a correct statement of the law. *Francis v. Franklin*, supra, did not deal with the charge complained of here; rather, *Francis* involved a charge on intent, which was an essential element of the offense of murder with which the defendant Franklin was charged. Thus, *Francis* has no application to the charge in the instant case, and there was no error in the court's charge.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 10, 1986.

*Martin L. Cowen III*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.