## 77178. QUEEN v. THE STATE.
(375 SE2d 287)

BIRDSONG, Chief Judge.

Appellant, Kerry Edward Queen, appeals his conviction of driving and operating a motor vehicle with driver's license in suspension, operating a motor vehicle without insurance, and operating a motor vehicle with a defective headlight.

At trial, the arresting officer who was the sole State's witness testified that he stopped appellant because the latter was driving with his right headlight out. The appellant asked why he was stopped and was shown the defective headlight. Appellant was asked for his driver's license and for proof of insurance, and he could not produce it. Appellant claimed he had left his license at home. However, when asked to provide his name and birthdate for a computer check, appellant replied, "[d]on't bother, they're suspended. I don't have any insurance." Radio confirmation regarding the status of appellant's license was obtained. At some point during the traffic stop, the appellant also informed the arresting officer that the motor vehicle "was his." The State also introduced in evidence a properly excised and authenticated copy of appellant's driving record, maintained by the Department of Public Safety, containing an entry showing appellant's driver's license was "SUSPENDED — INSURANCE CANCELLATION (1st)." *Held*:

1. Appellant asserts that the trial court erred in denying his motion for directed verdict of acquittal as to each of the above counts. The evidence, when viewed in the light most favorable to the prosecution, is not such as to demand a verdict of acquittal; and, our review of the transcript " 'reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offenses] charged.' " *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

(a) Appellant's motion for directed verdict on the charge of operating a motor vehicle without insurance was predicated on a claim that the State has failed to meet its burden of proof as to this offense. We disagree. The appellant's failure to produce his insurance card upon request, the official record maintained by the Department of Public Safety containing factual entries of license suspension and insurance cancellation, and appellant's admissions that he was the owner of the vehicle and that he did not have *any* insurance, constitute "ample evidence" of record within the standard and meaning of

*Jackson v. Virginia,* supra. Compare *Barrett v. State,* 173 Ga. App. 452 (326 SE2d 816).

(b) Appellant's motion for directed verdict on the charge of driving with a suspended driver's license was predicated on a claim that "the State has failed to prove the requisite notice of cancellation, as well as notice upon this Defendant." We find *Barrett v. State,* supra, to be controlling. The triers of fact could conclude from appellant's admission that his license had been suspended, and that the appellant had received due notice of this fact. OCGA § 24-1-1 (4). The cases of *Farmer v. State,* 185 Ga. App. 512 (364 SE2d 639); *Sumner v. State,* 184 Ga. App. 374 (361 SE2d 536); and *Williams v. State,* 181 Ga. App. 49 (351 SE2d 207) are factually distinguishable from this case.

(c) Appellant's motion for directed verdict on the charge of operating a motor vehicle with a defective headlight was predicated on a claim that the officer stated such offenses normally are not prosecuted (selective prosecution) and "that this was just probable cause." Upon appeal, appellant asserts that the State failed to "carry the burden of proof as to [the headlight offense] in that . . . an absolute duty was placed upon the Defendant that would result in a violation of the law upon an equipment failure."

Appellant's assertion at trial of selective prosecution has been abandoned on appeal. *Clark v. State,* 180 Ga. App. 280 (2) (348 SE2d 916). Moreover, this assertion is without merit. *Sabel v. State,* 250 Ga. 640 (4) (300 SE2d 663).

Appellant's assertion that the State has failed to carry its burden of proof, as an absolute duty not to drive with a defective headlight erroneously was placed upon appellant, equally is without merit. First, appellant has not enumerated as error or expressly argued in his brief that any particular instructional error occurred regarding this offense. In attempting to construe the basis of appellant's enumeration of error in light of the matters above discussed, we find that his assertion is too non-specific and too general to assist this court in ascertaining the precise scope and nature of the error enumerated. *Kelly v . State,* 182 Ga. App. 7 (3) (354 SE2d 647). However, based on our review of the record, we assume appellant is asserting that a directed verdict should have been granted because the State failed to establish he had knowledge of the defective headlight and a *mens rea* to violate the statute. We also assume that this is what appellant meant when he requested a directed verdict at trial on the basis of "probable cause."

A "crime" within the meaning of the Criminal Code of Georgia has been generally defined as being "a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. Nevertheless, it has long been recognized that it is unlawful " 'to drive an automo-

bile on a public highway at night with but one headlight burning' " and it is not error to so instruct a jury. *Loudermilk v. State*, 41 Ga. App. 286 (1) (152 SE 593). The primary purpose of the statutes promulgated in Title 40 OCGA Ch. 8, Equipment & Inspection of Motor Vehicles, is to "promote safety" on the roadways of this state. See e.g. OCGA § 40-8-2; *Black v. State*, 34 Ga. App. 449, 451-452 (130 SE 591). Under our State Constitution, it is the "paramount duty of government" to provide for the protection of persons and property within its sovereign borders, Ga. Const. Art. I, Sec. I, Par. II, and the General Assembly is vested with the power to make all laws "necessary and proper for the welfare of this state" that are not repugnant to our State and Federal Constitutions. Ga. Const. Art. III, Sec. VI, Par. I. The General Assembly has in part fulfilled its constitutional obligation to safeguard the public safety by enacting certain "strict criminal liability" motor vehicle *safety* statutes, which can be violated and enforced of necessity though a criminal sanction without a showing of *mens rea* or guilty knowledge on the part of the violator. OCGA §§ 40-8-20 and 40-8-22 are examples of such safety statutes. With strict criminal liability statutes "although it must be shown that the defendant committed the acts or omissions for which he is being held responsible, the requirement of proving mental fault or mens rea is dispensed with." *Davis v. Peachtree City*, 251 Ga. 219, 220 n. 1 (304 SE2d 701); see generally 22 CJS, Criminal Law, § 30. Further, we find, based on a "substantive due process analysis which considers both the interest of the public and the individual and whether, considering the legitimate public [highway safety] interests involved, there are other, less onerous means by which the public [highway safety] interest might be protected," that there are no other *effective* means of protecting the public against the clear and imminent danger of inadequately headlighted motor vehicles being driven on public roadways at night. See *Davis v. Peachtree City*, supra at 220. Having determined that the statute in question is primarily a safety statute which legitimately imposes strict criminal liability for the inherently dangerous acts therein prohibited, we now address the sufficiency of the evidence to support a criminal conviction of such a statute. We find ample evidence of record by which any rational trier of fact could conclude that the appellant was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, supra. Appellant's assertion of error is without merit.

2. Relying on *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344); *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), and *In re Winship*, 397 U. S. 358 (90 SC 1068, 25 LE2d 368), appellant contends that the charge given the jury, regarding the rebuttable presumption of sanity and the permissible inferences that may be drawn therefrom, prejudicially shifted the burden of proof

from the State to the appellant. We disagree. *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250); see *Nevins v. State*, 180 Ga. App. 260 (349 SE2d 17). The trial court could permissibly join the charge of rebuttable presumption of sanity with the *Lingerfelt* permissible inference charges if he, in his sound discretion, believed that such joinder would aid the jury in better understanding the principles of law relevant to the disposition of the case. This assignment of error is without merit.

Appellant's other assertions do not merit discussion.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 4, 1988.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.