A89A0967. HOFFER v. THE STATE.
(384 SE2d 902)

Birdsong, Judge.

Appellant Hoffer appeals his misdemeanor convictions of running a red light in violation of OCGA §§ 40-6-20 and 40-6-21 and of homicide by vehicle in the second degree in violation of OCGA § 40-6-393 (b). The trial court ruled that the offenses merged for sentencing and sentenced Hoffer to serve one year in the county jail, to pay a $1,000 fine, and to have his driver's license suspended for one year.

This case arises from an intersection collision between a car driven by Hoffer and another car, a red Mustang. The passenger in the Mustang died of injuries sustained in the collision. Traffic through this intersection is controlled by a traffic light. There is no dispute that the Mustang had a green light, but Hoffer contends that the traffic light facing him was also green.

OCGA § 40-6-21 (a) (3) (A) requires motorists facing a red light to stop at the intersection until the light turns green. Motorists facing green lights are authorized to proceed through the intersection. OCGA § 40-6-21 (a) (1) (A).

The State presented several witnesses who testified that the Mustang had a green light, and also called witnesses who were traveling on the same road as Hoffer, but in the opposite direction. These two witnesses stopped for the traffic light which Hoffer was convicted of running. The driver of this car testified that he stopped because the light first showed a yellow light and then changed to red. He also testified that from his viewpoint the traffic light was operating properly. The only direct evidence about the traffic light from Hoffer's direction of travel was Hoffer's testimony. He testified that he had a green light. He also testified, however, that just before he started in the intersection, he saw a "red blur."

Hoffer called several witnesses who testified that they had observed traffic lights, including the one in question, malfunction on occasion. Further, there was testimony that at least on one occasion another traffic light was showing green in both directions. The defense also presented numerous character witnesses who testified about Hoffer's good reputation for safe driving and his good reputation for truth and veracity.

The State called witnesses who saw the traffic light shortly before the collision. They testified that the traffic light was operating properly that day. Additionally, police officers who watched the light after the collision to see if the light was working properly testified that they saw nothing wrong with the light.

The defense's contentions at trial were that Hoffer thought the light was green, that he had no intention of running a red light or of causing the victim's death, and that if he did run the red light, it was the result of legal mistake or accident. Hoffer also presented evidence tending to prove that the Mustang was traveling in excess of what the defense contended was the speed limit.

Hoffer sought to prove that the victim was not wearing his seatbelt and that the driver of the Mustang was not tested for being under the influence of substances other than alcohol. The State's objections to this testimony were sustained and the defense was precluded from following those lines of questioning.

Now Hoffer contends that the trial court erred by inadequately and incorrectly charging the jury on the intent required to commit the offenses charged, incorrectly charging on the law of accident by shifting the burden of proof to Hoffer and creating a mandatory presumption, and by excluding evidence on seatbelt use and drug testing as well as refusing to give charges as he requested. *Held*:

1. The first enumeration of error concerns the charge to the jury on the intent necessary to obtain a conviction. In essence, Hoffer contends that the intent necessary is the specific intent to run the red light. We disagree.

The State was not required to prove that Hoffer intentionally

drove through a red light, or even that Hoffer knew that the light was red. "While criminal intent is a necessary element in the commission of the crime for which [Hoffer] was prosecuted, criminal intent is simply the intent to do the act which results in the violation of the law, and not the intent to commit the crime itself." *Nelson v. State,* 27 Ga. App. 50, 52-53 (107 SE 400). In this sense, the word " 'intention' as used in [OCGA § 16-2-1] does not mean an intention to violate a penal statute but an intention to commit the act prohibited thereby." *Howard v. State,* 222 Ga. 525, 526 (150 SE2d 834).

In *Queen v. State,* 189 Ga. App. 161 (375 SE2d 287), we held that traffic safety offenses promulgated in OCGA Title 40, Chap. 8, were strict liability offenses, which could be violated without mens rea or guilty knowledge. The offenses charged in this case are contained in OCGA Chap. 6, Title 40. As the purpose of the regulations codified in this chapter is "to promulgate the safe and expeditious movement of vehicular traffic on the highways," *Crook v. State,* 156 Ga. App. 756, 757 (275 SE2d 794), and using the *Queen* analysis, supra, we reach the same conclusion in regard to Chapter 6. Unless otherwise indicated, violation of the offenses in OCGA Chap. 6, Rules of the Road, Title 40, are also strict liability offenses. Thus, there is no requirement to prove mental fault or mens rea as Hoffer asserts. See *Davis v. Peachtree City,* 251 Ga. 219, 220, n. 1 (304 SE2d 701).

Adoption of Hoffer's theory would result in chaos, if not carnage, on the highways, and the complete frustration of the legitimate legislative purpose sought to be achieved by the codification of the Rules of the Road, and specifically OCGA §§ 40-6-1 and 40-6-20. This charge was given by the trial court: "Criminal intent does not mean an intention to violate the law or to violate a penal statute but means simply to intend to commit the act which is prohibited by a statute. In other words, to prove the element of criminal intent in this case, the State is required to prove beyond a reasonable doubt that the defendant drove his car through the intersection and that he intended to drive his car through the intersection at a point in time when the red light facing the defendant's lane of travel was red." This is a correct statement of the law.

Hoffer also asserts that the trial court committed error by not giving the identical charge on intent in the recharge as in the charge originally given. There is no merit in this contention. Both the original charge and the recharge were correct statements of the law of criminal intent applicable to this case. It is within the sound discretion of the trial judge to recharge in full or only on the points requested by the jury. *Dyson v. State,* 155 Ga. App. 297, 298 (270 SE2d 711). Further, "the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. . ." and the review is limited to determining whether

the discretion was abused. "Since the recharge was not only warranted by the evidence but also legally accurate and not confusing or misleading as to amount to an abuse of discretion, we find no error." *Taylor v. State*, 169 Ga. App. 842, 844 (315 SE2d 661). When as here, the charge and the recharge were legally accurate and contained the same legal principles if only stated somewhat differently there, there is no error. Accordingly, the first enumeration of error is without merit.

2. Since the State was not required to prove that Hoffer had the specific criminal intent to drive through the red light to secure convictions of the offenses, a jury charge to the effect that if the State proved Hoffer intentionally drove through the intersection when the light facing him was red the defense of accident would not apply, was a correct statement of the law.

Hoffer has not made clear how the defense of accident applies in this case. He first asserted that he could only be convicted if he had the intent to run the red light, and we assume that his theory was that if he mistakenly concluded that the light was green when it was in fact red, this defense should preclude his conviction. As stated in Division 1, this is not a correct statement of the law.

Because the trial court correctly and repeatedly charged that Hoffer could be convicted only if the State proved beyond a reasonable doubt that the stop light facing Hoffer was red, any defense based upon the light being green when Hoffer went through it, is not an accident defense. Logically, one cannot be convicted of running a red light if the light was, in fact, green. Accordingly, Hoffer's contention that a malfunction of the light showing green lights in both directions does not give rise to the defense of accident. By its terms OCGA § 16-2-2 excuses crimes which are "committed by misfortune or accident. . . ." Since under this argument there could have been no crime (Hoffer could not be convicted of running a green light), the testimony concerning the possible malfunctioning of the traffic light also did not warrant a charge on the accident defense.

Consequently, there is a question whether a charge on accident was even warranted in this case. Since the defense so emphatically urged that the charge be given, and since the charge as given in context with the full charge was not likely to confuse the jury, we find no error against Hoffer in the charge given. See *Meyers v. State*, 169 Ga. 468 (151 SE 34).

Hoffer also contends that the charge given impermissibly shifted the burden of proof to the defendant. We disagree. The charge in its entirety was abundantly clear as to who had the burden of proof and what must be proven to carry the burden. Assuming that the phrase "where it satisfactorily appears from the evidence there was no criminal scheme or undertaking," taken out of context, might be consid-

ered to have the effect of shifting the burden, we do not find this to be so within the scope of the charge given. "This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again." *Leonard v. State*, 146 Ga. App. 439, 444 (246 SE2d 450). Considering the charge, *Ward v. State*, 238 Ga. 367, 370 (233 SE2d 175), "it is clear to us the jury was instructed that the [S]tate had the burden of proving every element of the crime beyond a reasonable doubt." *Ward*, supra at 370.

The charge and recharge emphasized and reemphasized that the State had the burden of proof and that for Hoffer to be convicted, the jury must be satisfied beyond a reasonable doubt that Hoffer intentionally drove through the intersection at a time when the light facing him was red. Consequently, we also find no merit in the second enumeration of error.

3. As the last enumeration of error contains several unrelated contentions, the appellant has failed to follow the requirements of the Code. OCGA § 5-6-40; *Hester v. Baker*, 180 Ga. App. 627 (349 SE2d 834).

a. The defense was prohibited from pursuing a line of questioning about speeding tickets which the Mustang's driver received before the collision. Other than Hoffer's technical argument that the Mustang might still have been in a school zone because of the failure of the authorities to specify the end of the school zone, there was no evidence that the Mustang was speeding. In fact the school zone was some distance from the intersection. The witnesses, including an expert, all placed the speed of the Mustang within what everyone believed the speed limit to be, notwithstanding Hoffer's school zone contention. Further, there was no evidence that the speed of the Mustang caused the accident. Accordingly, the speeding tickets the Mustang's driver received had no relevance to any issue in this case. Hoffer urges that the tickets showed the other driver's "fixed and uniform habits." Any such alleged "habits" are not relevant to this case because the evidence showed that in this instance the other driver was not speeding. "An exercise of discretion by the trial court in excluding irrelevant evidence cannot be error and will not be error in the absence of an abuse of discretion." *Butler v. State*, 173 Ga. App. 168 (325 SE2d 835).

b. The defendant also wished to question why the driver of the Mustang was tested only for his blood-alcohol content when the investigating police officer had indicated that he wanted all the people in the collision to be tested for other substances as well. Hoffer argues that this evidence might have been used to impeach the investigating officer, but how someone else's failures could be used to impeach the investigating officer is difficult to comprehend. The evidence which

the defendant sought was simply not relevant. " ' "(E)vidence is relevant which *logically* tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to *elucidate or throw light* upon a material issue or issues is relevant." ' " (Emphasis supplied.) *Harris v. State*, 183 Ga. App. 219, 221 (358 SE2d 634). Since it was established that the driver of the Mustang had the green light, and the presence of other substances in his blood would not prove the driver was speeding, the conclusions which Hoffer would draw from the line of questioning were not logical and the information would not have thrown light on any issue in the case. Excluding this line of questioning was not an abuse of the trial court's discretion. See *Palmer v. State*, 186 Ga. App. 892, 899 (369 SE2d 38).

c. Hoffer also contends that the trial court improperly excluded questions concerning whether the deceased was wearing a seatbelt. The theory apparently was that this evidence would have authorized the jury to find that the injuries received in the collision would not have caused the death if a seatbelt had been worn. This argument would also excuse the death of a policeman if he was not wearing his bullet proof vest at the time he was shot and if the vest would have prevented the fatal wound. This is not the law. Additionally, there is no evidence supporting the assumption that the death producing injuries would not have been sustained regardless of the seatbelts. More significantly, however, the appellant's argument is based upon an incorrect legal theory. The question presented for the jury was whether Hoffer caused the death by running the red light, and not whether the death would or could have been made less likely by wearing a seatbelt. The *only* evidence in this case is that the death resulted from injuries received in the collision. The correct test on whether Hoffer caused the death is set forth in *Wilson v. State*, 190 Ga. 824, 829 (10 SE2d 861): "Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of death, whenever it shall be made to appear . . . that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent . . . immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause." Given the evidence in this case and the issue, the testimony about the seatbelts also was not relevant. Consequently, there was no abuse of discretion by the trial court. *Butler v. State*, supra.

d. Appellant also argues that the trial court erred by not giving certain of the charges he requested in writing. The charges proposed were not raised by the evidence. For example, among other matters, the appellant requested charges on the duty to slow when approaching intersections and complex instructions on proximate cause. The evidence, however, did not raise issues concerning either matter. The

trial court, of course, instructed that the prosecution must prove that Hoffer must have caused the death in this case, and given the uncontradicted evidence that the death was the result of injuries received in the collision, that was sufficient. Charges not applicable to the evidence should not be given, *Todd v. State*, 149 Ga. App. 574 (254 SE2d 894), and charges irrelevant to all issues to be determined by the jury may be rejected. *White v. State*, 230 Ga. 327, 338 (196 SE2d 849). Accordingly, the trial court did not abuse its discretion by not charging on these matters even though they were requested in writing by the defendant. See *Bouttry v. State*, 242 Ga. 60, 62 (247 SE2d 859); *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131). The other matters asserted in this enumeration are equally without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 7, 1989 —
REHEARING DENIED JULY 18, 1989 —

*Douglas N. Peters*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.