## A91A0015. SEMONES v. THE STATE.
(406 SE2d 483)

BANKE, Presiding Judge.

The appellant was found guilty of driving with an unsecured load in violation of OCGA § 32-6-21. He contends on appeal that the trial court erred in determining that no evidence of criminal intent was necessary to support the conviction.

The essential facts are not in dispute. On April 24, 1989, the appellant purchased two dining room chairs at a store in Lilburn, Georgia. At his direction, the assistant manager of the store loaded the chairs onto the appellant's truck and tied them down with baling twine. Both the appellant and the assistant manager believed that the load was secure when the appellant left the store. However, as the appellant was driving down the highway, one of the chairs fell from the truck onto the roadway, causing the vehicle immediately behind him to swerve to avoid missing it; and that vehicle was, in turn, struck by the vehicle behind it. There was evidence that the twine used to secure the chairs had broken. *Held:*

OCGA § 32-6-21 provides, in pertinent part, as follows: "(b) No person shall operate or load for operation, on any public road, any vehicle with any load unless such load and any covering thereon is securely fastened so as to prevent said covering or load from becoming loose, detached, or in any manner becoming a hazard to other users of the public road." Pursuant to OCGA § 32-1-10 (a), "[a]ny person who violates [this provision] . . . shall be guilty of a misdemeanor. . . ."

In *Queen v. State*, 189 Ga. App. 161 (c) (375 SE2d 287) (1988), and *Hoffer v. State*, 192 Ga. App. 378 (1) (384 SE2d 902) (1989), this court held that certain statutes relating to motor vehicle safety impose "strict criminal liability," meaning that they "can be violated and enforced . . . without a showing of *mens rea* or guilty knowledge on the part of the violator." *Queen*, supra, 189 Ga. App. at 163. See also *Davis v. City of Peachtree City*, 251 Ga. 219, 220, n. 1 (304 SE2d 701) (1983). In *Queen*, the operation of a motor vehicle with a defective headlight (OCGA §§ 40-8-20; 40-8-22) was held to be such an offense, while in *Hoffer*, running a red light (OCGA §§ 40-6-20; 40-6-21) was held to be such an offense. The state argues that OCGA § 32-6-21 similarly imposes strict criminal liability, with the result that the only evidence of intent necessary to support a conviction was evidence that the appellant "intended to drive the truck with the chairs in the bed of the truck."

"It has been said that intent requirements are omitted as a matter of policy in the case of 'public welfare offenses.' Other factors which have been noted as favoring a strict-liability construction of statutory offenses are that the offense is capable of inflicting wide-

spread injury, or creates a danger or probability of injury which will be the same without regard to intent; that an intent or scienter requirement would obstruct the purpose of the statute or make it difficult of enforcement; and that the accused, even if he does not will the violation, is usually in a position to prevent it with no more care than society might reasonably expect. Another distinction which has been suggested is that where the means of knowledge are available to the accused, or the act is such as to impose a duty on the actor to ascertain the facts at his peril, knowledge is not an essential element of the statutory offense unless the statute so provides. . . ." (Indentation and footnotes omitted.) 21 AmJur2d, Criminal Law, pp. 274-275, § 139.

Because the offense of which the appellant was convicted meets all of these criteria, we hold that the trial did not err in ruling that proof of mens rea or guilty knowledge was unnecessary to support a conviction.

*Judgment affirmed. Beasley, J., concurs. Carley, J., concurs in judgment only.*

DECIDED APRIL 30, 1991 —<br>REHEARING DENIED JUNE 7, 1991 — 

*Dennis, Corry, Porter & Thornton, William E. Gray II, Virginia M. Greer*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, Assistant Solicitor*, for appellee.