S07A1559. CORNWELL v. THE STATE.
(657 SE2d 195)

MELTON, Justice.

Following a jury trial, Charles Cornwell was convicted of driving under the influence of drugs to the extent that he was a less safe driver (OCGA § 40-6-391 (a) (2)), speeding, following too closely,

failure to maintain lane, and failure to signal.[1] Cornwell contends on appeal that the trial court erred in denying his motion to suppress his urine test results because the implied consent statute is unconstitutional as applied, that the trial court erred in admitting testimony regarding the amount of certain substances in Cornwell's urine when the State had not previously disclosed this information in any written scientific reports, and that the trial court erred in its jury charge on driving under the influence. We affirm.

1. Viewed in the light most favorable to the verdict, the record reveals that on October 25, 2004, after receiving a "Be On the Lookout" ("BOLO") call describing a black SUV heading northbound on Georgia 400, Corporal Johns of the Dawson County Sheriff's Office positioned his vehicle so that he could observe northbound traffic on Georgia 400. Shortly thereafter, Corporal Johns observed Cornwell's black SUV weaving outside of its lane, closely following other vehicles, and driving in excess of 80 miles per hour. After pulling Cornwell over, Corporal Johns observed that Cornwell's speech was slow, that he was unsteady on his feet, and that his eyes were bloodshot and glassy. Corporal Johns performed field sobriety tests on Cornwell, and based on Cornwell's poor performance, he arrested Cornwell, read verbatim his implied consent card, and requested that Cornwell take a breath test for alcohol. After the breath test was negative for alcohol (with a reading of .000), Corporal Johns again read the implied consent card and requested that Cornwell take a urine test, to which Cornwell consented. The urine test came back positive for cocaine, marijuana, and six different prescription drugs. The test results were shown on a two-page written report, which was provided to defense counsel. The report did not state the specific quantity of any drugs that were found in Cornwell's system.

This evidence was sufficient to enable a rational trier of fact to find Cornwell guilty of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cornwell argues that application of the implied consent statute (OCGA § 40-5-55) is unconstitutional, and that the trial court therefore erred in denying his motion to suppress, because the statute allowed for the warrantless compelled testing of Cornwell's bodily fluids based on the existence of probable cause, but without

---

[1] On May 31, 2005, Cornwell was charged with driving under the influence, speeding, following too closely, reckless driving, failure to maintain lane, and failure to signal when changing lanes. On April 2, 2007, Cornwell was found guilty of all charges except for reckless driving, on which the trial court directed a verdict. Cornwell was sentenced to twelve months (with three days to serve) for DUI and speeding, and was fined for following too closely, failing to maintain lane, and failing to signal. Cornwell's timely appeal was docketed in this Court on June 29, 2007, and orally argued on October 16, 2007.

proof of the existence of exigent circumstances. However, because a driver is deemed to have consented to tests of his bodily substances when probable cause exists to arrest him for an alleged violation of OCGA § 40-6-391, the existence of exigent circumstances is wholly irrelevant. See *Meiklejohn v. State*, 281 Ga. App. 712, 715 (637 SE2d 712) (2006). Indeed, where, as here, Cornwell has been arrested based on probable cause and the State has complied with the statutory implied consent requirements, Cornwell "cannot complain that testing done by the State for the presence of alcohol and drugs violated [his] rights under the Georgia Constitution or the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures." Id. Therefore, the motion to suppress was properly denied. Id.

3. Cornwell contends that the trial court erred by allowing the State's forensic chemist to testify regarding the quantity of each of the drugs found in Cornwell's urine, because the State had not disclosed this information to Cornwell prior to trial. See OCGA § 17-16-23 (requiring State to disclose, prior to trial, written scientific reports that will be used at trial). Contrary to Cornwell's contention, however, the transcript reveals that the State's forensic chemist never testified regarding the quantity of any substance found in Cornwell's system. The chemist merely testified about the testing process and the maximum length of time that could elapse between drug ingestion and testing in order for there to be a positive test result.[2] Because the record belies Cornwell's assertion that the forensic chemist testified as to the quantity of drugs found in Cornwell's system, Cornwell's enumeration is without merit. *Roach v. State*, 221 Ga. 783, 786 (4) (147 SE2d 299) (1966) ("The burden is on him who asserts error to show it affirmatively by the record.").

4. Cornwell asserts that the trial court erred in its jury charge on driving under the influence. Specifically, he argues that the trial court instructed the jury that driving under the influence is a "strict liability" offense for which the State is not required to prove intent. Contrary to this assertion, however, the record reveals that

> [i]n addition to charging the jury on strict liability, the court instructed the jury that the defendant is not presumed to have acted with criminal intent, but that the jury may find such intention or the absence of it upon a consideration of words, conduct, demeanor, motive, and other circumstances connected with the acts for which the defendant is being

---

[2] Cornwell does not challenge the fact that the written report from this testing was properly provided to defense counsel prior to trial.

tried. The court added that criminal intent must be proved by the state in every prosecution, and that criminal intent does not mean an intention to violate the law or to violate a penal statute, but simply means to intend to commit the act which is prohibited by statute. These were correct statements of the law. Viewed in its entirety, the court's charge on criminal intent was sufficient to inform the jury that it had to find that [Cornwell] intended to evade the duty imposed by [OCGA § 40-6-391], and that it had to find that he knowingly drove [while under the influence].

(Footnotes omitted.) *Augustin v. State*, 260 Ga. App. 631, 634 (2) (580 SE2d 640) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008 —
RECONSIDERATION DENIED MARCH 10, 2008.

*Kimbrell & Burgar, Phillip D. Kimbrell, Marko L. Burgar*, for appellant.

*Lee Darragh, District Attorney, Michael D. Morrison, Assistant District Attorney*, for appellee.