313 Ga. 429
FINAL COPY

S21Q0909. McENTYRE v. SAM'S EAST, INC.

BETHEL, Justice.

This case involving personal injury claims arising from an automobile accident is before this Court on three certified questions from the United States District Court for the Middle District of Georgia. The questions seek this Court's interpretation of OCGA § 40-6-248.1 (b), which provides that "[n]o person shall operate or load for operation, on any public road, any vehicle with any load" unless the load and any covering thereon is "securely fastened" and whether this Code section applies to a tort claim. Our responses to the questions certified, as explained more fully below, can be summarized as follows: (1) OCGA § 40-6-248.1 (b) imposes a duty on a person assisting the operator of a vehicle with loading merchandise onto the vehicle to securely fasten the load; (2) a person assisting in loading a vehicle *may be* liable in tort for injuries to a

third party resulting from a breach of his or her duty to secure that load (and any covering thereon); and (3) when serving as the basis for a civil tort suit, a violation of OCGA § 40-6-248.1 (b) (1) is subject to ordinary tort principles and defenses.[1]

1. The pleadings and discovery materials indicate the following: On February 22, 2016, Mary Louise McCall purchased two mattresses and two box springs from the Sam's Club in Albany, Georgia, which Sam's East, Inc., operated. Sam's East employees Darion Ponder and Eddie Shorter assisted McCall by physically placing the mattresses and box springs onto McCall's pickup truck bed. McCall did not physically load or handle the mattresses and box springs when Ponder and Shorter loaded them onto her truck. The parties dispute whether Ponder and Shorter simply loaded the mattresses and box springs onto the bed of McCall's truck or whether they also tied the mattresses and box springs to the truck in an attempt to secure them. Upon leaving Sam's Club, one of the

___

[1] In addition to the parties' briefs and presentations at oral argument, the Court was assisted in answering the three certified questions by an amicus curiae brief from Georgians for Lawsuit Reform.

2

mattresses became loose and fell from the bed of McCall's truck onto a public roadway. Shortly after the mattress fell onto the road, Amanda McEntyre's vehicle struck the mattress, resulting in serious injuries to her neck and shoulder.

McEntyre filed a lawsuit against McCall, which was later settled. McEntyre also filed a personal injury lawsuit in the United States District Court for the Middle District of Georgia against Sam's East, alleging negligence and negligence per se and seeking punitive damages. After Sam's East filed a motion for summary judgment and McEntyre filed a cross-motion for partial summary judgment, the district court stayed the proceedings and certified the following questions to this Court:

> (1) Does OCGA § 40-6-248.1 (b) (1) require a person — who is assisting the operator of a vehicle to load merchandise onto said vehicle — to "securely fasten" the load to the vehicle?

> (2) Under OCGA § 40-6-248.1 (b) (1), would a person — who assists in loading or securing a load to a vehicle but is not operating the vehicle — be liable to a third party who is injured while the vehicle is in operation on a public road as a result of the load becoming loose, detached, or in any manner . . . a hazard to other users of the public

3

road?

(3) Under OCGA § 40-6-248.1 (b) (1), does the occurrence of a load becoming loose, detached, or in any manner . . . a hazard to other users of the public road necessarily mean that the load was not securely fastened? That is to say, is OCGA § 40-6-248.1 (b) (1) a strict liability statute?

2. The district court's certified questions call upon us to interpret the meaning of OCGA § 40-6-248.1 (b) (1), which provides:

(b) No person shall operate or load for operation, on any public road, any vehicle with any load unless such load and any covering thereon is securely fastened so as to prevent such covering or load from: (1) Becoming loose, detached, or in any manner becoming a hazard to other users of the public road[.]

In considering the meaning of this statute,

we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013).

The common and customary usages of the words are

4

important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.

(Citations and punctuation omitted.) *Mobley v. State*, 307 Ga. 59, 69 (4) (a) (834 SE2d 785) (2019).

(a) The first question the district court asked is whether OCGA § 40-6-248.1 (b) (1) requires a person to "securely fasten" the load when he or she is merely assisting the operator of a vehicle in loading it. We conclude that under the plain language of the statute, a person assisting the operator of a vehicle with loading has a duty to "other users of the public road" to "securely fasten[ ]" the load.

The question posed by the district court assumes that the person assisting with the loading is not also the operator of the vehicle. The phrase "[n]o person shall . . . load for operation" does not limit the duty imposed by the statute to secure a load and any covering thereon to the operator of the vehicle or a person primarily responsible for loading. "No person" is an expansive term, and the

background law generally provides that those who assist others in violating a statute can be held individually liable for their actions. See OCGA § 16-2-20 (establishing party to a crime criminal liability); *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 572-574 (2) (826 SE2d 116) (2019) (discussing "concerted action" as the basis for tort liability). Contrary to Sam's East's argument, OCGA § 40-6-248.1 (b) (1) does not contain any language restricting the duty it sets out  only to those who have "control" over the operation of the vehicle. And no such language appears in the case principally relied on by Sam's East, which considered only whether the operator — a person who undoubtedly *does* have at least some control over the vehicle — violated the statute. See *Semones v. State*, 200 Ga. App. 3 (406 SE2d 483) (1991). Rather, the statute imposes the duty to securely fasten loads and coverings on any person who "operate[s]" a vehicle on a public road or "load[s]" a vehicle for operation on a public road. People who assist one another in loading items onto a vehicle that will be operated on a public road are all engaged in loading the vehicle, and therefore would all have a duty to secure

6

the load and any covering thereon under the statute. That duty is owed to "other users of the public road." OCGA § 40-6-248.1 (b) (1) (providing that such duty is "to prevent such covering or load from . . . becoming a hazard to other users of the public road").

Sam's East and its amicus contend that interpreting the statute to impose on individuals who lack complete control a duty to secure a load on a vehicle will result in liability for well-meaning and helpful neighbors who assist operators in loading their vehicles or companies that offer such assistance with loading as a "courtesy." As an initial matter, we note that it is not for this Court to expand or contract the scope of the General Assembly's legislative enactments, unless the policy choices it makes by enacting statutes exceed its constitutional authority. See *Woodard v. State*, 296 Ga. 803, 814 (3) (b) (771 SE2d 362) (2015) ("If a law enacted by the General Assembly is not unconstitutional[,] . . . the obligation of this Court is to apply the law by its terms, whether we like it or not."). Accordingly, the policy concerns raised by Sam's East and its amicus about the extent to which liability may be imposed by OCGA § 40-6-

248.1 (b) (1) are properly addressed not by this Court exceeding its constitutional authority to impermissibly limit the duty imposed by the plain language of the statute, but by petitioning the General Assembly and advocating for a change in the law. Moreover, as discussed further in Division 2 (b) below, Sam's East and its amicus's concerns about the practical consequences that may flow from the plain text of the statute enacted by the General Assembly may be mitigated by application of traditional tort principles of proximate cause.

(b) The remaining questions posed by the district court asked whether OCGA § 40-6-248.1 (b) (1) is a "strict liability" statute such that the occurrence of a load becoming loose, detached, or in any manner a hazard to other users of the public road necessarily means that the load was not securely fastened, and whether a person who assists in loading or securing a load to a vehicle but who is not operating the vehicle would be liable to a third party who is injured as a result. We conclude that because ordinary principles of negligence apply to this civil tort case, a load becoming loose,

8

detached, or in any manner a hazard to other users of the public road does not necessarily mean in every instance that the load was not securely fastened, and a person assisting in loading a vehicle may be liable only for injuries to a third party proximately caused by a breach of his or her duty to secure that load and any covering thereon.

In the civil tort context, there is "no general rule of strict liability in Georgia[,]" *Reeves v. Bridges*, 248 Ga. 600, 602 (284 SE2d 416) (1981), and strict liability typically applies only to certain circumstances involving abnormally dangerous activities[2] or where the General Assembly has recognized a need to explicitly impose strict liability in tort for the protection of the public. See, e.g., OCGA § 51-1-11 (b) (establishing strict liability in a products liability

---

[2] Historically, this has included activities like owning vicious animals or explosive blasting, though the statute pertaining to vicious animals was amended to clarify that the standard for liability is negligence, not strict liability. See OCGA § 51-2-7; *Steagald v. Eason*, 300 Ga. 717, 718 n.2 (797 SE2d 838) (2017) (noting the change). See also *Berger v. Plantation Pipeline Co.*, 121 Ga. App. 362, 363 (6) (173 SE2d 741) (1970) (one who sets off an explosive blast "is absolutely liable to the injured party, despite the exercise of due care").

context).[3]

Here, the provisions of OCGA § 40-6-248.1 (b) do not explicitly provide for strict liability in the context of a civil tort action, but rather provide the basis of the underlying duty. More specifically, as explained above and pertinent to this case, the statute imposes a duty owed to users of public roads on all persons who assist in loading a vehicle for operation on a public road to secure the load and any covering thereon. When a person is allegedly injured by such a load or covering falling on a public road, ordinary principles of negligence apply, meaning that the plaintiff must establish a

---

[3] We recognize that a violation of OCGA § 40-6-248.1 (b) is also a misdemeanor criminal offense. See OCGA § 40-6-249 (providing that violations of OCGA § 40-6-248.1 are misdemeanors and shall be punished as set forth in OCGA § 16-7-43); see also OCGA §§ 16-7-43 (b) (1), (2) (providing that violations of OCGA § 16-7-43 (a) are misdemeanors and that violators may be directed by the court to pick up and remove litter, subject to certain conditions, as part of their sentence); 17-10-3 (a) (1) (providing that, except as otherwise provided by law, misdemeanor offenses are to be punished by a fine not to exceed $1,000, 12 months in jail, or both). And these sorts of "Rules of the Road" offenses are sometimes referred to as "strict liability" crimes. See *State v. Ogilvie*, 292 Ga. 6, 8 (2) (a) (734 SE2d 50) (2012); see also *Semones*, 200 Ga. App. at 3-4 (trial court did not err in determining that violation of the predecessor to OCGA § 40-6-248.1 (b), when defendant failed to secure chairs in his vehicle before operating it on a public roadway, was a strict liability criminal offense). But strict liability criminal offenses are not the same as strict liability torts.

breach of this statutory duty, proximate causation, and damages in order to establish liability.[4] See *Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1) (578 SE2d 106) (2003); see also OCGA § 51-1-6 ("When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.").

Nothing in the statute or in the background of civil tort law permits a trial court to skip over these traditional tort principles. A trial court cannot presume that in every instance where a load has become loose, detached, or in any manner a hazard to other users of the public road that the load was not securely fastened and that any

---

[4] Because the question is not posed to us, we need not answer whether a violation of duty imposed by OCGA § 40-6-248.1 (b) may provide the basis for asserting a claim of negligence per se. See *Murphy v. Bajjani*, 282 Ga. 197, 200 (2) (647 SE2d 54) (2007) ("[N]egligence per se arises when a statute is violated, the person injured by the violation is within the class of persons the statute was intended to protect, and the harm complained of was the harm the statute was intended to guard against."); see also *Amick v. BM & KM, Inc.*, 275 FSupp.2d 1378, 1381 (III) (A) (N.D. Ga. 2003) ("In Georgia, negligence per se arises when a defendant violates a statute or ordinance, satisfying, as a matter of law, the first two elements of a negligence claim.").

11

person who assisted in loading or securing the load is liable. "[I]n order to recover for any injuries resulting from the breach of a duty, there must be evidence that the injuries were proximately caused by the breach of the duty." *Goldstein, Garber & Salama, LLC v. J. B.*, 300 Ga. 840, 841 (1) (797 SE2d 87) (2017). And the injuries must be the "probable or natural consequence" of that breach and must "reasonably have been anticipated, apprehended, or foreseen." Id. at 843 (1).[5] See also *Tyner v. Matta-Troncoso*, 305 Ga. 480, 485 (3) (826 SE2d 100) (2019) ("Inextricably entwined with concepts of negligence and proximate cause is a notion of foreseeability, the idea that a defendant could reasonably foresee that an injury would result from his act or omission." (citations omitted)).

Thus, a defendant who is not an operator of the vehicle but

---

[5] We have recently clarified that
 "probable," in the rule as to causation, does not mean "more likely than not" but rather "not unlikely"; or, more definitely, "such a chance of harm as would induce a prudent man not to run the risk; such a chance of harmful result that a prudent man would foresee an appreciable risk that some harm would happen."
(Citation and punctuation omitted.) *Johnson v. Avis Rent A Car System, LLC*, 311 Ga. 588, 592 (858 SE2d 23) (2021).

assists in loading can only be liable for failing to securely fasten the load in light of the reasonably foreseeable ways in which the load will be transported on a public road.[6] This may require the factfinder to assess a variety of factors, including but not limited to the defendant's knowledge regarding the nature of the load and the vehicle, road or weather conditions, the operator's representations about the vehicle's destination, the length of the drive, or anything else that might affect the loader's assessment of whether the load was "securely fastened." Further, it is possible that a defendant could satisfy his or her duty to secure the load only for that load to later become unsecured in some unforeseeable manner or due to some intervening cause after the defendant is no longer in a position to ensure the safety of the load. See *Ontario Sewing Machine Co., Ltd. v. Smith*, 275 Ga. 683, 686 (2) (572 SE2d 533) (2002) ("[A]n intervening and independent wrongful act of a third person

---

[6] Given the questions presented in this case, we need not address the scope of the duty imposed upon the operator of the vehicle under this statute and the manner in which traditional tort principles would apply to the vehicle's operator in the event a load on the vehicle became loose, detached, or otherwise hazardous.

13

producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant[.]" (citation and punctuation omitted)). For example, the unanticipated actions of a third party or other external factors could cause a "securely fastened" load to become unsecured.

Moreover, the causal chain could be broken in other ways that would prevent a person assisting with loading from completing the task of securing the load. By way of example only, the owner of the load or vehicle might direct the person assisting with loading to stop securing the load and discontinue contact with the owner's property. Or the operator might interrupt the loader's efforts to secure the load by driving off or otherwise assuming complete control over the vehicle and the load before the person assisting with loading could complete the task of securing the load. Where there is evidence that a third party was injured as a result of a vehicle's load becoming loose, detached, or in any manner a hazard to users of the public road due to an unforeseeable or unavoidable intervening cause, the

14

defendant-loader may not be liable for injuries arising from the load becoming unsecured. Accordingly, we cannot say that every instance that a load becomes loose, detached, or in any manner a hazard to other users of the public road necessarily means that the load was not securely fastened and that a person who assisted in loading will be liable.

*Certified questions answered. All the Justices concur.*

Decided March 8, 2022.

Certified questions from the United States District Court for the Middle District of Georgia.

*Watson Spence, Joseph W. Dent, Alfreda L. Sheppard*, for appellant.

*McLain & Merritt, Ernest L. Beaton IV, Howard M. Lessinger; Young Thagard Hoffman Smith & Lawrence, J. Holder Smith Jr.*, for appellee.

*Alston & Bird, Keith R. Blackwell*, amicus curiae.