297 Ga. 156
FINAL COPY

S14G1061.  THE STATE v. JONES.

THOMPSON, Chief Justice.

We granted a writ of certiorari in this appeal to consider whether, under OCGA § 24-4-404 (b) ("Rule 404 (b)") of the new Georgia Evidence Code, evidence of appellee Michael Jones' 2005 conviction for driving under the influence of alcohol to the extent it was less safe for him to drive was admissible in a subsequent prosecution for driving under the influence.  For the reasons stated below, we find that evidence of Jones' prior conviction was admissible at trial pursuant to Rule 404 (b), reverse the contrary decision of the Court of Appeals in Jones v. State, 326 Ga. App. 658 (757 SE2d 261) (2014), and remand to that court with direction.

At approximately 11:45 p.m. on January 21, 2011, a Cherokee County deputy sheriff conducted a traffic stop of Jones and his vehicle after Jones was observed driving at a speed above the posted speed limit.  While speaking with Jones, the officer detected an odor of alcohol and noticed Jones' eyes were red

and watery. The officer asked Jones to exit the vehicle and inquired whether he had been drinking. Jones twice denied having consumed any alcohol, but after he failed the horizontal gaze nystagmus test and exhibited multiple clues of intoxication on field sobriety tests, he admitted he drank two beers earlier in the evening. Based on his observations and Jones' performance on the field tests, the officer arrested Jones. Jones subsequently agreed to submit to state-administered breath tests which produced readings of 0.147 and 0.139.

Jones was charged with driving with a blood alcohol level of 0.08 grams or more (DUI per se), see OCGA § 40-6-391 (a) (5), driving while under the influence of alcohol to the extent it was less safe for him to drive (DUI less safe), see OCGA § 40-6-391 (a) (1), and speeding, OCGA § 40-6-181. In June 2011, the State filed a notice of intent to introduce evidence of Jones' prior conviction of DUI less safe, a charge to which he had pled guilty. Consistent with this Court's precedent regarding the purposes for which evidence of other acts could be offered, the State asserted that Jones' prior DUI conviction was being offered for the purpose of showing Jones' "bent of mind, course of conduct[,] identity, knowledge, lack of mistake, motive, and intent[,] . . . [and] willingness . . . to operate a motor vehicle after his . . . ability to do so safely had

2

been compromised by the ingestion of intoxicants." See Williams v. State, 261 Ga. 640, 642, n. 2 (409 SE2d 649) (1991). Anticipating that trial would not commence until after January 1, 2013, the effective date of Georgia's new Evidence Code, the State in December 2012 filed an amended notice stating its purpose for offering the prior conviction evidence included, but was not limited to, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See OCGA § 24-4-404 (b). The State at a pretrial hearing further narrowed the purposes for which such evidence was being offered, asserting that it was relevant to show Jones' intent and knowledge. The trial court admitted it for these limited purposes.

After a jury found Jones guilty of all charges, the trial court merged the DUI less safe charge into the charge of DUI per se and sentenced Jones. The Court of Appeals reversed Jones' DUI per se conviction, holding that evidence of Jones' prior conviction should not have been admitted at trial because it was not relevant to, or probative of, the commission of the charged crimes because they were general intent crimes and "no culpable mental state was required to commit the crime[s] in the first place." Jones, supra, 326 Ga. App. at 663. After reviewing the record and the purposes for which this evidence was offered, we

find the Court of Appeals erred by determining that Rule 404 (b) precluded its admission into evidence because it was not relevant.

1. Because Jones' trial was held after January 1, 2013, the new Georgia Evidence Code governs our resolution of the issue in this appeal. Rule 404 (b) of the new Code provides:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Even relevant evidence offered for a proper purpose under Rule 404 (b) may be excluded under OCGA § 24-4-403 ("Rule 403"), however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403. These provisions track their federal counterparts, see Rules 403 and 404 (b) of the Federal Rules of Evidence, and for this reason, we have adopted the same three-part test used by the Eleventh Circuit Court of Appeals to determine admissibility of other acts evidence under the federal rules to determine the

admissibility of evidence of other acts under our own Rules 403 and 404 (b).[1]

See Bradshaw v. State, 296 Ga. 650, 656 (769 SE2d 892) (2015), quoting

United States v. Ellisor, 522 F3d 1255, 1267 (11th Cir. 2008). See also Ga.L.

2011, p. 99, § 1 (not codified) (stating the legislative intent to adopt the Federal

Rules of Evidence as interpreted by the United States Supreme Court and Circuit

Courts of Appeals, as of January 1, 2013, with any conflicts among the Circuit

Courts of Appeals to be resolved by following the Eleventh Circuit Court).

Under this test, in order to be admissible, the State must make a showing

that: (1) evidence of extrinsic, or other, acts is relevant to an issue other than a

defendant's character, see Rule 404 (b); (2) the probative value of the other acts

evidence is not substantially outweighed by its unfair prejudice, i.e., the

evidence must satisfy the requirements of Rule 403; and (3) there is sufficient

proof so that the jury could find that the defendant committed the act in

---

[1] We adopt the terminology used by the Eleventh Circuit in its Federal Rule 404 (b) analysis and for purposes of our analysis of OCGA § 24-4-404 (b), use the term "other acts" to include "crimes, wrongs, or other acts" as set forth in that statute. We similarly refrain from referring to other offenses as "similar" or "prior" offenses because of the restrictions implied by the inclusion of such adjectives. See United States v. Beechum, 582 F2d 898, 903, n. 1 (5th Cir. 1978) (noting that the principles governing extrinsic offense evidence are the same whether the offense occurs before or after the charged crime and the changing meaning and significance of the similarities between offenses depending on the issue to which an extrinsic offense is addressed).

question. See <u>Bradshaw</u>, supra. See also <u>United States v. Edouard</u>, 485 F3d 1324, 1344 (II) (c) (11th Cir. 2007); <u>United States v. Delgado</u>, 56 F3d 1357, 1365 (III) (B) (11th Cir. 1995). In no case may evidence of other acts be admitted for the sole purpose of proving the character of the accused to show that he acted in conformity therewith. See OCGA § 24-4-404 (b). A trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion. See <u>Bradshaw</u>, supra. See also <u>United States v. McNair</u>, 605 F3d 1152, 1203, n. 69 (11th Cir. 2010).

2. Our consideration of the first prong of the <u>Bradshaw</u> test begins then with an analysis of what evidence is relevant as it pertains to Rule 404 (b). We find the applicable standard in OCGA § 24-4-401, which deems evidence relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] Rule 404 (b) explicitly recognizes the

---

[2] Although the Court of Appeals recognized the applicability of the new Georgia Evidence Code, it overlooked OCGA § 24-4-401's definition of "relevant evidence" and mistakenly applied a definition applicable in cases tried prior to the new Code's effective date. See <u>Jones</u>, supra, 326 Ga. App. at 662, citing <u>Hoffer v. State</u>, 192 Ga. App. 378 (384 SE2d 902) (1989). This previous definition, focusing as it did on the logical tendency of evidence to prove or disprove material facts at issue, is only slightly different than Rule 401's definition, which refers to evidence having any tendency to make facts of consequence more

relevance of other acts evidence offered for a permissible purpose and, at the same time, prohibits the admission of such evidence when it is offered *solely* for the impermissible purpose of showing a defendant's bad character or propensity to commit a crime. Rule 404 (b), therefore, is, on its face, an evidentiary rule of inclusion which contains a non-exhaustive list of purposes other than bad character for which other acts evidence is deemed relevant and may be properly offered into evidence. See United States v. Jernigan, 341 F3d 1273, 1280 (11th Cir. 2003) (describing Federal Rule 404 (b) as a rule of inclusion); 2 Weinstein's Federal Evidence § 404.20 (2014) (Federal "Rule 404 (b) adopts an inclusionary approach, generally providing for the admission of all evidence of other acts that is relevant to an issue [at] trial.").

Applying this definition to the first prong of the Bradshaw test, we find no abuse of discretion in the trial court's determination that evidence of Jones' prior DUI conviction was relevant and admissible under Rule 404 (b). The

---

or less probable. Regardless of how one views the language of Rule 401, however, it is clear that the relevance standard codified therein is a liberal one. United States v. Glasser, 773 F2d 1553, 1560, n. 4 (11th Cir. 1985) (recognizing that Federal Rule 401 broadly defines "relevant evidence"). See also OCGA § 24-4-402 (all relevant evidence not otherwise prohibited shall be admissible).

record demonstrates that this other act evidence was admitted for the limited purposes of establishing Jones' intent and knowledge in the charged crimes of DUI per se and DUI less safe.[3] Specifically, the trial court held that evidence of Jones' prior DUI conviction was admissible because a jury could infer from Jones' intent to drive while under the influence on the prior occasion that he possessed the requisite intent on this occasion. The Court of Appeals reversed based on the premise that because the charged crimes do not require a defendant to act with a specific intent to commit the crime, the fact that Jones voluntarily or intentionally drove under the influence of alcohol on another occasion was of no relevance. See Jones, supra, 326 Ga. App. at 663. We disagree on several grounds.

First, the Court of Appeals' holding in this case failed to give any legal significance to the State's burden of proving as an essential element Jones' general intent to do the prohibited acts. See OCGA § 16-2-1 (a) (defining a

---

[3] The trial court orally ruled during a hearing that evidence of Jones' prior conviction would be admitted to show Jones' "knowledge and intent, . . . the intent to drive knowing that he was less safe . . . because he was before" but in its limiting instruction and its final instructions, it specifically informed the jury it could consider this evidence to determine whether the State met its burden of proof with regard to both the DUI per se and DUI less safe charges. For purposes of this appeal, therefore, we consider whether the trial court erred in admitting this evidence under Rule 404 (b) as to both of the charged DUI crimes.

8

"crime" as "a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence"); OCGA § 16-2-2 ("[a] person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence"); State v. Ogilvie, 292 Ga. 6, 8-9 (734 SE2d 50) (2012). Because the charged DUI crimes are general intent crimes, the State in its prosecution had the burden of proving beyond a reasonable doubt Jones' intent (1) to drive (2) with a blood alcohol content of 0.08 or higher and his intent (1) to drive (2) under the influence of alcohol (3) to the extent he was a less safe driver. See Prine v. State, 237 Ga. App. 679, 680 (2) (a) (515 SE2d 425) (1999). Intent, therefore, was a material issue in the State's prosecution and because the same state of mind was required for committing the prior act and the charged crimes, i.e., the general intent to drive while under the influence of alcohol, evidence of Jones' prior conviction was relevant under Rule 404 (b) to show Jones' intent on this occasion.[4] See

---

[4] Although Jones suggests evidence of his prior conviction was not relevant because his intent was not placed in issue at trial, a defendant puts his intent in issue when he pleads not guilty unless he takes affirmative steps to withdraw intent as an element to be proved by the State. See Jones v. State, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000) (essential elements are challenged whenever criminal defendant pleads not guilty to indictment's

9

Beechum, supra, 582 F2d at 913 ("Once it is determined that the extrinsic offense requires the same intent as the charged offense and that the jury could find that the defendant committed the extrinsic offense, the evidence satisfies the first step under rule 404 (b)."); Edward J. Imwinkelried, Uncharged Misconduct Evidence, 5:10, p. 37 (2009 and Supp. 2012-2013) ("The better view is that uncharged misconduct can be relevant and admissible to prove intent in both general and specific intent cases.").

Moreover, although the State was not required to prove Jones knew that he was driving less safe or with an illegal blood alcohol level,[5] see Ogilvie, supra, the relevancy of his prior conviction evidence was heightened by his

---

charges). See also Mathews v. United States, 485 U. S. 58, 64-65 (108 SCt 883, 99 LE2d 54) (1988) ("A simple plea of not guilty puts the prosecution to its proof as to all elements of the crime charged." (citation omitted)); United States v. Costa, 947 F2d 919, 925 (11th Cir. 1991) (because defendants did not affirmatively take issue of intent out of contention by stipulating that they possessed the requisite intent, trial court did not abuse its discretion in admitting evidence of extrinsic bad acts); United States v. Hernandez, 896 F2d 513, 522 (11th Cir. 1990) (intent becomes material issue whenever defendant pleads not guilty unless he takes affirmative steps to withdraw it). Nothing in the record indicates Jones took any steps, either by stipulation or other affirmative action, to remove intent as a genuine issue at his trial.

[5] To the extent the trial court may have erred by admitting evidence of Jones' prior DUI conviction to show that he *knew* he was driving less safe or with an illegal blood alcohol level, any such error was harmless because this evidence was admissible to show Jones' intent and any indication to the jury that the State had to prove Jones' knowledge would have only added to the State's burden of proof in this case.

defense in which he vehemently challenged the State's allegation that he was under the influence of alcohol and argued that his physical reactions and poor performance on field tests, behavior which he claims the officer misconstrued as evidence of his being under the influence of alcohol, were attributable to the fact that he had previously suffered a serious head trauma. A genuine issue regarding whether Jones was voluntarily driving while under the influence of alcohol was raised by this defense, making evidence that he had voluntarily driven under the influence of alcohol on a previous occasion all the more relevant because it tended to show that it was more likely that he intentionally did so on this occasion.[6] See Jernigan, supra, 341 F3d at 1281 (fact that accused knowingly possessed firearm on a previous occasion relevant because it makes it more likely that he knowingly did so in the charged crime). The jury also could infer from Jones' prior conviction his awareness that drinking caused him to be a less safe driver in order to explain why, after being stopped by police, he attempted to mitigate his physical condition by concealing and minimizing the

---

[6] The justification for admitting evidence of other acts to show knowledge is similar to the justification for allowing such evidence to show intent and is based on the principle that it is unlikely that repetitive conduct, even if originally innocent, will not result in a defendant having the requisite state of knowledge by the time of the charged crime. See 2 Weinstein's Federal Evidence § 404.22 [2] (2014).

amount of alcohol that he had consumed.  The relevancy of evidence of a prior state of mind and the introduction of evidence of repetitive conduct to allow a jury to draw logical inferences about a defendant's knowledge and state of mind from such conduct is well-established.[7]  See Huddleston v. United States, 485 U. S. 681, 685 (108 SCt 1496, 99 LE2d 771) (1988) ("extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct"); Beechum, supra, 582 F2d at 916 (evidence that defendant was found in possession of credit cards mailed ten months earlier to someone not the defendant was admissible to show defendant's  intent in charge for unlawful possession of property stolen from the mails); United States v. Philibert, 947

---

[7]  For explanation and commentary by legal scholars, see Edward J. Imwinkelried, supra, § 5:10, p. 37 (other offense evidence can be admissible and relevant to prove intent in both general and specific intent cases, materiality in general intent cases is based on the doctrine of chances); Wigmore on Evidence, §§ 302, 363 at 245, 350 (Chadbourn rev. 1979) (the recurrence of other acts of the same sort tends to negate inadvertence and other forms of innocent intent); McCormick, Evidence § 190 at 450 (Cleary ed. 1972) (for questions of intent, the purpose for which prior acts evidence may be relevant is to show by similar acts that the act for which the defendant is on trial was not inadvertent, accidental, unintentional, or without guilty knowledge); 2 D. Louisell & C. Mueller, Federal Evidence § 140, at 224-225 (1985) (the more often a person acts in a particular way and achieves a particular result, the more likely it is that he intended the result).

F2d 1467, 1470 (11th Cir. 1991) (earlier harassing phone call admissible to show defendant's knowledge in prosecution for later harassing call).

In conclusion, we hold, consistent with the underlying principles of the rule prohibiting other acts evidence offered for an impermissible purpose, that other acts evidence may be relevant under Rule 404 (b), without regard to whether the charged crime is one requiring a specific or general intent, when it is offered for the permissible purpose of showing a criminal defendant's intent and knowledge. See Jernigan, supra, 341 F3d at 1281-1282 (evidence of prior acts admissible to establish defendant's knowledge in crime of general intent). Such evidence is relevant if the State articulates a clear hypothesis showing that the evidence offered has any tendency to prove or disprove the existence of any consequential fact independent of the use forbidden by Rule 404 (b). See OCGA § 24-4-401. Applying these rules in this case, we find that the record supports the trial court's conclusion that evidence of Jones' prior DUI conviction was offered for the permissible purpose of showing his intent because it had a tendency to make the existence of his general intent to drive under the influence more probable and would authorize a jury to logically infer that Jones was voluntarily driving while under the influence. See generally

Cornwell v. State, 283 Ga. 247, 249-250 (657 SE2d 195) (2008). We, therefore, find no abuse of discretion in the trial court's decision to admit evidence of Jones' prior conviction under Rule 404 (b) for these limited purposes.

3. The inquiry regarding the admissibility of evidence of Jones' prior conviction does not end there, however, because under the second Bradshaw prong, even evidence determined to be admissible under Rule 404 (b) may be deemed inadmissible on the basis of those considerations set out in Rule 403, prejudice, confusion or waste of time. See Bradshaw, supra, 296 Ga. at 656; Rule 403. This prong of the Bradshaw test was not addressed by the Court of Appeals because it found evidence of Jones' prior conviction was not relevant in the current prosecution, a ruling which we have now reversed. Accordingly, the case must be remanded to the Court of Appeals for its consideration of whether the trial court erred in its evaluation of the admissibility of this evidence under Rule 403.

Our holding in Division 2 does not signify that evidence of other acts will be admissible in every criminal prosecution to prove intent and knowledge. We caution that the potential for prejudice caused by the introduction of other acts evidence is great and the often subtle distinctions between the permissible

purposes of intent and knowledge and the impermissible purpose of proving character may sometimes be difficult to discern.  The danger of the subtlety of this distinction is that a jury could consider prior acts evidence for an impermissible purpose, thus elevating the importance of Rule 403's balancing of the need for other acts evidence against the dangers of its introduction.  Unfortunately, there is no mechanical solution for this balancing test.  Instead, a trial court must undertake in each case a considered evaluation of the proffered justification for the admission of such evidence and make an independent determination of whether the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Rule 403. See Beechum, supra, 582 F2d at 911, n. 14, quoting 28 U.S.C.A. Rules of Evidence at 109 (1975) (Advisory Committee Notes to Rule 404 (b)).  See also United States v. Perez, 443 F3d 772, 780 (11th Cir. 2006) (determination of admissibility under Federal Rule 403 (b) "lies within the discretion of the [trial] court and 'calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic

act and the charged offense, as well as temporal remoteness.'" (citation omitted)); <u>United States v. Merrill</u>, 513 F3d 1293, 1301 (11th Cir. 2008) (trial court's discretion to exclude evidence under the balancing test of "'Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence'" (citation omitted)); <u>United States v. Terzado-Madruga</u>, 897 F2d 1099, 1119 (11th Cir. 1990) (in close cases, balance under Rule 403 should be struck in favor of admissibility).

<u>Judgment reversed and case remanded with direction.  All the Justices concur.</u>

Decided June 1, 2015.

Certiorari to the Court of Appeals of Georgia – 326 Ga. App. 658.

Jessica K. Moss, Solicitor-General, Barry W. Hixson, Laura A. Janssen, Assistant Solicitors-General, for appellant.

Chestney Law Firm, Rebecca T. Kozycki; Filipovits Law Firm, Jeffrey R. Filipovits, for appellee.

Gregory W. Edwards, District Attorney, Carroll R. Chisholm, Jr., Solicitor-General, Denise D. Fachini, District Attorney, Carlton T. Hayes, Barry E. Morgan, Solicitor-General, Ashley Wright, District Attorney, D. Victor Reynolds, District Attorney, Michael S. Carlson, John R. Edwards, Donald P.

Geary, John S. Melvin, Andrew J. Ekonomou, Assistant District Attorneys; Isenberg & Hewett, Ryan L. Isenberg, Melvin L. Hewitt, Jr.; William C. Head, P.C., William C. Head, Jennifer G. Ammons, amici curiae.