**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P.J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 5, 2016**

# In the Court of Appeals of Georgia

A15A1808. THE STATE v. TITTLE.

BRANCH, Judge.

In this DUI case, the State appeals from an order of the trial court that prohibits the State from introducing the defendant's prior DUI conviction as part of its case in chief. Finding that the trial court's ruling conflicts with the Georgia Supreme Court's recent decision in *State v. Frost*, 297 Ga. 296 (773 SE2d 700) (2015), we reverse.

The relevant facts are undisputed and the record shows that on May 9, 2014, a car driven by Joshua Tittle was involved in a single-car accident in Clayton County. The responding officer detected a strong odor of alcohol coming from Tittle's person and observed that Tittle's speech was slurred. Tittle admitted that he had consumed alcoholic beverages at some point before driving, and he performed poorly on a field sobriety test administered by the officer. The officer arrested Tittle and read him

Georgia's implied consent notice,[1] but Tittle refused to submit to any chemical testing. Tittle was subsequently indicted on one count each of failure to maintain lane and DUI less safe.[2]

---

[1] The applicable implied consent notice for suspects age 21 or over is set forth in OCGA § 40-5-67.1 (b) (2) and states:

> "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?"

[2] See OCGA § 40-6-391 (a) (1) (making it illegal for "[a] person [to] drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive").

Prior to trial, the State filed notice of its intent to offer into evidence Tittle's 2006 conviction for DUI. The State intended to offer that evidence pursuant to OCGA § 24-4-417, which provides, in relevant part:

> In a criminal proceeding involving a prosecution for a violation of Code Section 40-6-391, evidence of the commission of another violation of Code Section 40-6-391 on a different occasion by the same accused shall be admissible when . . . [t]he accused refused in the current case to take the state administered test required by Code Section 40-5-55 and such evidence is relevant to prove knowledge, plan, or absence of mistake or accident.

OCGA § 24-4-417 (a) (1).

Tittle opposed the admission of this evidence and following a hearing, the trial court ruled that the prior DUI conviction could not be introduced as part of the State's case in chief. Relying on this Court's decision in *Frost v. State*, 328 Ga. App. 337 (761 SE2d 875) (2014) ("*Frost I*"), the trial court concluded that Tittle's prior DUI conviction could be introduced only if, during the presentation of his defense, Tittle attempted "to suggest that he did not take the test because he did not understand it, or he did not know that he could take a test, or that he would never take such a test." *Frost I*, 328 Ga. App. at 343 (2) (citation and punctuation omitted). Under those circumstances, the State could introduce Tittle's prior DUI conviction only in

3

rebuttal, "to show [Tittle's] knowledge, plan or absence of mistake or accident." Id. The State now appeals from the trial court's order.

After the parties filed their briefs in this case, the Georgia Supreme Court issued its decision in *State v. Frost* ("*Frost II*"), which reversed the *Frost I* decision relied upon by the trial court. *Frost*, 297 Ga. at 305-306. The Supreme Court held that the Georgia Evidence Code allows the State to introduce a defendant's prior DUI conviction as part of its case in chief in any DUI prosecution "in which 'the accused refused . . . to take the state administered test required by Code Section 40-5-55,'" because such evidence is, at the very least, relevant to prove knowledge. Id. at 303, quoting OCGA § 24-4-417 (a) (1). In reaching this conclusion, the Court noted that a defendant's refusal to submit to the state mandated-chemical tests "generally is admissible, see OCGA § 40-6-392 (d), and a trier of fact may infer from such a refusal that, if the accused had submitted to the test, it would have shown some presence of an intoxicant." Id. at 304. The Court then explained:

> Proof that the accused on prior occasions had driven under the influence of the same or a similar intoxicant may strengthen substantially the inference about the presence of an intoxicant. This is so because, as we noted in [*State v. Jones*, 297 Ga. 156 (773 SE2d 170) (2015) ("*Jones II*")], it might properly be inferred from evidence of prior occasions on which the accused had driven under the influence that the accused had

4

an awareness that his ingestion of an intoxicant impaired his ability to drive safely. Such awareness, in turn, would offer an explanation for why the accused refused the test on this occasion, namely, that he was conscious of his guilt and knew that the test results likely would tend to show that he was, in fact, under the influence of a prohibited substance to an extent forbidden by OCGA § 40-6-391 (a). See *Jones II*, 297 Ga. at 159 (2) (773 SE2d 170). Prior occasions on which the accused was arrested and charged with driving under the influence also could permit an inference in some circumstances that the accused had acquired knowledge about the means by which law enforcement officers determine whether and to what extent a driver is under the influence of an intoxicant, and such awareness likewise might help to explain a refusal in the present case to submit to a test. In either event, the trier of fact might well conclude that an adverse inference about the presence of an intoxicant is more warranted than it otherwise would be, and the trier of fact might decide that the inference can bear more weight than it otherwise could. This is true when the accused refused the required tests on the prior occasions, and it is true even when the accused offers no evidence to explain or excuse his refusal on this occasion.

Id. at 305.

Applying *Frost II* to the instant case, we find that OCGA § 24-4-417 (a) (1) permits the State to introduce evidence of Tittle's prior DUI conviction during its case in chief. We therefore reverse the order of the trial court limiting the State's use of this evidence to its rebuttal case.

*Judgment reversed. Andrews, P. J., and Miller, P. J., concur.*

5