**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 6, 2016**

# In the Court of Appeals of Georgia

A16A1144. KING v. THE STATE.

McMILLIAN, Judge.

Jeffrey King appeals the denial of his motion for new trial after a jury convicted him of one count of driving under the influence ("DUI") to the extent that it was less safe to drive.[1] As his sole argument on appeal, King asserts that the trial court erred in admitting evidence of his statement to police that he had a prior DUI because its probative value was substantially outweighed by its unfair prejudice. We affirm for the reasons set forth below.

While on patrol at approximately 8:00 a.m. on November 29, 2014, an officer with the Henry County Police Department observed a Jeep Grand Cherokee pulled off the road with its flashers on and its hood up. When the officer stopped to offer

---

[1] The jury acquitted King of a separate count of DUI per se.

help, he encountered King, who was standing on the passenger side of the vehicle. King told the officer that he had pulled over because he needed to add antifreeze to his car. The officer observed that King was "a little bit unsteady" on his feet, his speech was "rather slurred," and he smelled strongly of alcohol. King admitted to the officer that he had had a drink "a while ago." King then granted the officer permission to search his car, and during that search, the officer found an unopened 24-ounce can of beer.

Because King stated that he had health issues with his back stemming from a recent automobile accident and that he was legally blind in one eye, the officer decided not to perform most of the standard field sobriety tests. However, he did ask King to recite the alphabet from G to M, which King was unable to do accurately. At that point, the officer determined based on his training and experience that King was under the influence of alcohol to the extent that he was not safe to operate a motor vehicle, and he placed King under arrest. The officer then read King the warning, during which King stated that he was familiar with the implied consent warning because he had a prior DUI. King consented to a breath test, but after the officer placed him in the back of the police car, he began to complain of back pain and indicated that he wanted an ambulance. The officer called for medical assistance and

2

King was transported to the hospital by ambulance. Accordingly, the breath test was not performed, but King later consented to a blood test, which showed a blood alcohol level of .307.

Before trial, King filed a generalized motion to suppress, which the trial court denied following a hearing. King did not specifically address his statement regarding his prior DUI in that motion. In the meantime, the State filed a notice of its intent to introduce evidence of a 2011 guilty plea King made to a 2010 DUI charge, but the prosecutor announced on the first day of trial that the State would not be going forward with that evidence. In response, King's attorney made an oral motion in limine to redact the video of the traffic stop to remove the portion in which King mentions his prior DUI, arguing that the statement would constitute improper character evidence since the State indicated that it did not intend to introduce evidence of the prior DUI. The trial court denied King's motion, finding that the statement was voluntary, not the product of custodial interrogation, and that it was relevant to the case because it showed that King understood the implied consent notice. At trial, the officer testified about the statement and the jury was shown an unredacted video of King's arrest.

King again raised the issue in his amended notice for new trial, arguing that the trial court erred in denying the motion in limine because it failed to conduct a hearing under OCGA § 24-4-404 (b) ("Rule 404 (b)") to determine whether the evidence was "unfairly prejudicial compared to its probative value." In addressing King's motion for new trial on this ground, the trial court noted that the parties' "fairly brief" discussion of the issue before trial "touched on several areas: (1) the significance of the state withdrawing its intent to use prior bad acts, (2) voluntariness concerns, (3) character evidence, and (4) relevance." Acknowledging that it had not previously undertaken the 404 (b) analysis on the record, the trial court applied the analysis in denying the motion for new trial. This appeal followed.

In order for other acts evidence to be admissible under Rule 404 (b), the State must show (1) the evidence is relevant to an issue in the case other than the defendant's character, (2) sufficient proof to enable the jury to find that the defendant committed the act in question, and (3) "the probative value of the other acts evidence is not substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of [OCGA § 24-4-403 ("Rule 403")]." *State v. Jones*, 297 Ga. 156, 158-59 (1) (773 SE2d 170) (2015). See also *Olds v. State*, 299 Ga. 65, 70 (2) (786

4

SE2d 633) (2016); *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015). See OCGA § 24-4-404 (b).

On appeal, King does not dispute the trial court's findings on the first two requirements under Rule 404 (b). Rather, he confines his argument to the trial court's ruling on the third requirement, asserting that the trial court erred in finding that the admission of the evidence was not unduly prejudicial in light of what he argues was its slight probative value because the State did not need the evidence to prove its case.[2]

Rule 403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. The Supreme Court has explained that "[t]he application of the Rule 403 test is a matter committed principally to the discretion of the trial courts," but it has also found that "the exclusion of evidence under Rule 403 is an extraordinary remedy [that] should be

---

[2] Neither the State nor King raises an issue on appeal as to whether this type of evidence required the trial court to conduct a Rule 404 (b) analysis. Thus, we pretermit the question and assume that Rule 404 (b) applies for purposes of this appeal.

used only sparingly." (Citation and punctuation omitted.) *Olds*, 299 Ga. at 70 (2). See also *Hood v. State*, 299 Ga. 95, 103 (4) (786 SE2d 648) (2016) ("The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (citation and punctuation omitted).

Our consideration of the probative value of King's statement necessarily involves consideration of the relevance of the statement to the issues in the case. As the Supreme Court recently explained,

> [r]elevance and probative value are related, but distinct, concepts. Relevance is a binary concept – evidence is relevant or it is not – but probative value is relative. Evidence is relevant if it has "*any tendency*" to prove or disprove a fact, whereas the probative value of evidence derives in large part from the *extent to which* the evidence tends to make the existence of a fact more or less probable.

(Emphasis in original.) *Olds*, 299 Ga. at 75 (2). See also OCGA § 24-4-401 ("[T]he term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Moreover, in determining whether relevant evidence is more probative than prejudicial, our Supreme Court has explained that "[g]enerally speaking, the greater

6

the tendency to make the existence of a fact more or less probable, the greater the probative value." *Olds*, 299 Ga. at 75 (2). And "the extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered"; "how much it adds . . . to the other proof available to establish the fact for which it is offered"; and "the need for the evidence." Id. at 75-76 (2).

As found by the trial court, the prior DUI was relevant to King's intent to drive while intoxicated, his defense at trial that the State had failed to prove that he had driven while intoxicated (as opposed to becoming intoxicated after stopping the vehicle by the side of the road), and "peculiarities about the investigation," including why King suddenly developed back pain moments after consenting to a breath test. We agree. As explained in *Jones*, a material issue in the State's prosecution was intent and "because the same state of mind required for committing the prior act and the charged crimes, i.e., the general intent to drive while under the influence of alcohol," evidence of King's prior DUI was relevant to show King's intent on this occasion. 297 Ga. at 160-61.

Likewise, the relevance of the prior DUI was heightened because King's defense was that he did not drive the vehicle while intoxicated, "making evidence that

7

he had voluntarily driven under the influence of alcohol on a prior occasion all the more relevant because it tended to show that it was more likely that he intentionally did so on this occasion." *Jones*, 297 Ga. at 161.

Turning to the probative value of the prior DUI, this case presents facts somewhat unusual for a DUI in that no witness observed King actually driving the vehicle, making it even more difficult for the State to prove intent and the fact that King had been driving. King's admission to a prior DUI had a strong logical connection to his commission of the DUI charged in this case, and that evidence added significantly to the otherwise circumstantial evidence that he actually had been *driving* while intoxicated. Thus, as the trial court explained in its order, the State needed this evidence to support its case and to counter King's defense. Although evidence of the statement was prejudicial "as almost all evidence presented by the State will be," we agree with the trial court that any such prejudice did not outweigh the probative nature of the evidence in this case. *Smart v. State*, __ Ga. __ (2) (b) (788 SE2d 442) (2016). See also *United States v. King*, 713 F2d 627, 631 (III) (11th Cir.1983) ("[I]n a criminal trial relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that [Federal Rule 403] permits exclusion.") (emphasis omitted).

Accordingly, because we cannot say the trial court abused its discretion in admitting evidence of King's statement, we affirm. See *Jones*, 297 Ga. at 159 (1) (Appellate courts will overturn a trial court's decision to admit evidence of other acts "only where there is a clear abuse of discretion.").

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*