**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 19, 2022**

# In the Court of Appeals of Georgia

A22A0731. THE STATE v. ANDERSON.

MARKLE, Judge.

After Chester Anderson was charged with two counts of armed robbery, the State sought to admit at trial evidence of Anderson's conviction for another armed robbery under OCGA § 24-4-404 (b) (Rule 404 (b)). Following a hearing, the trial court granted Anderson's motion in limine to exclude any evidence of the other robbery. The State now appeals, arguing that the trial court erred by finding the evidence inadmissible. For the reasons that follow, we vacate the trial court's order, and remand the case for further proceedings.

"We review a trial court's decision regarding Rule 404 (b) evidence for an abuse of discretion." *State v. Atkins*, 304 Ga. 413, 417 (2) (819 SE2d 28) (2018). Although we recognize the broad range of conclusions a trial court may reach in the

exercise of its discretion, it abuses that discretion when it applies an incorrect legal standard. *State v. Jackson*, 351 Ga. App. 675, 677 (832 SE2d 654) (2019).

So viewed, the record shows that in May 2017, Anderson entered an O'Reilly Autoparts store with a weapon, approached the counter, and demanded the cashier give him the money from the register. The cashier complied, and, as Anderson fled, the cashier shot him. Id. Police obtained Anderson's blood from the scene, and located Anderson in the hospital, where police were able to interview him twice. During the second interview, Anderson admitted that he robbed the O'Reilly store, and also stated that he had robbed another O'Reilly store in December 2016.[1] Anderson explained that he needed the money for hospital bills and college. He also confirmed that he wore a hoodie and gloves, but no mask. Anderson was later convicted of the 2017 robbery, and sentenced to life imprisonment. We affirmed that conviction in an unpublished opinion. See *Anderson v. State*, 359 Ga. App. XXVI (2021).

After he was indicted for the 2017 robbery, but before he was convicted, Anderson was charged in a separate indictment with robbing an O'Reilly store in

---

[1] There were two interviews several days apart in which Anderson discussed the robberies.

2

December 2016, which forms the basis of the case currently before us. In prosecuting Anderson for the 2016 robbery, the State sought to admit the 2017 conviction as other acts evidence under Rule 404 (b).[2] Anderson moved to exclude any reference to other robberies, including the 2017 O'Reilly robbery for which he had been convicted.

At a hearing, the State argued that there had been a string of robberies committed in a similar way, with the perpetrator wearing similar clothing, and that in his second interview, Anderson admitted that he committed the December 2016 robbery. Thus, the State contended that the evidence of the 2017 robbery conviction was relevant to show identity, motive, modus operandi, plan, and preparation. The State also sought to admit a redacted version of the first interview, in which Anderson stated he was desperate for money, that O'Reilly was an easy target, and that he wore a hoodie and glasses.

The trial court ultimately granted Anderson's motion to exclude the evidence, finding it was not intrinsic, and that even if it was potentially relevant to identity or motive, "upon a common sense assessment of all of the circumstances surrounding

---

[2] In our prior opinion affirming Anderson's conviction for the 2017 robbery, we opined that any reference to other robberies as intrinsic evidence was "dubious." See *Anderson*, 359 Ga. App. XXVI, at 12 (3). Nevertheless, we concluded that any error in the admission of uncharged conduct would be harmless in light of the overwhelming evidence that Anderson committed the 2017 robbery. Id.

3

the extrinsic acts and the act charged, . . . *the danger of unfair prejudice outweighs the probative value of the evidence.*" (Emphasis supplied.) The State timely filed this appeal.

In related enumerations of error, the State argues that the trial court erred in excluding the other acts evidence because the trial court did not consider all of the purposes for which the evidence was submitted, misapplied the balancing test by neglecting to find the prejudice *substantially outweighed* any probative value, and failed to balance the Rule 403 factors in favor of admitting the evidence.[3] We conclude that the trial court abused its discretion. Thus, we vacate the trial court's order excluding the evidence, and remand the case for further proceedings.

Under Rule 404 (b),

---

[3] In response, Anderson asserts that the State waived any argument that the evidence was admissible under Rule 404 (b). We are not convinced. Although the State's argument seems to confuse intrinsic evidence and evidence that would be admissible under Rule 404 (b), and the trial court itself acknowledged that the arguments were "muddled," the record nevertheless shows that the State preserved its Rule 404 (b) argument. We further note that both this case and the one arising from the 2017 robbery were heard by the same trial judge, and the transcript shows that the parties and the court repeatedly referred to the evidence and arguments from the 2017 case, as well as this Court's affirmance of Anderson's conviction. Much of the evidence cited is not part of the record before us, and the State did not file notice to rely on the prior record. See Court of Appeals Rule 42 (c).

Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

As we have explained, the rule favors the admission of evidence. *Wright v. State*, 362 Ga. App. 867, 876 (2) (870 SE2d 484) (2022). Nevertheless, evidence relevant to a proper purpose may still be excluded "if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Emphasis supplied.) OCGA § 24-4-403 (Rule 403); *Wright*, 362 Ga. App. at 876-877 (2).

For evidence to be admissible under Rule 404 (b),

the State must make a showing that: (1) evidence of extrinsic, or other, acts is relevant to an issue other than a defendant's character; (2) the probative value of the other acts evidence is not substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403; and (3) there is sufficient proof so that the jury could find that the defendant committed the act in question.

5

(Citation omitted.) *State v. Jones*, 297 Ga. 156, 158-159 (1) (773 SE2d 170) (2015);[4] see also *Allen v. State*, 310 Ga. 411, 414 (2) (851 SE2d 541) (2020); *Wright*, 362 Ga. App. at 877 (2).

Under the first prong of this test, the trial court must consider whether the evidence is relevant under OCGA § 24-4-401. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Heard v. State*, 309 Ga. 76, 84-85 (3) (b) (844 SE2d 791) (2020). "This is a binary question — evidence is either relevant or it is not." Id. at 85 (3) (b).

Under the second prong, the trial court applies Rule 403 and must "undertake in each case a considered evaluation of the proffered justification for the admission of such evidence and make an independent determination of whether the probative value of the evidence is substantially outweighed by" the danger of unfair prejudice. (Citation and punctuation omitted.) *Jones*, 297 Ga. at 163 (3). "In weighing the probative value of other acts evidence, a court may consider a number of factors, including (1) prosecutorial need, (2) overall similarity of the other acts and the acts charged, and (3) the temporal remoteness of the other acts." *Thompson v. State*, 308

[4] The parties do not dispute that the third prong is satisfied.

6

Ga. 854, 859 (2) (843 SE2d 794) (2020). The balancing test applies on a case-by-case basis, and "requires a common sense assessment of all the circumstances surrounding the extrinsic act and the charged offense." (Citation and punctuation omitted.) *Green v. State*, 352 Ga. App. 284, 290 (2) (e) (834 SE2d 378) (2019). We have explained, however, that

> the greater the tendency to make the existence of a fact more or less probable, the greater the probative value. Probative value also depends on the marginal worth of the evidence — how much it adds, in other words, to the other proof available to establish the fact for which it is offered. And probative value depends as well upon the need for the evidence. When the fact for which the evidence is offered is undisputed or not reasonably susceptible of dispute, the less the probative value of the evidence.

(Citation and punctuation omitted.) *Wright*, 362 Ga. App. at 877-878 (2).

"The major function of Rule 403 is to exclude matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. Thus, the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly." (Citations and punctuation omitted.) *Wright*, 362 Ga. App. at 878 (2). "Obviously, the reason for such caution is that relevant evidence in a criminal trial is inherently prejudicial, and, as a result, Rule 403 permits exclusion

only when unfair prejudice *substantially outweighs* probative value." (Citations and punctuation omitted; emphasis supplied.) *Williams v. State*, 328 Ga. App. 876, 879 (1) (763 SE2d 261) (2014). As a result, when we consider Rule 403 issues on appeal, we "must look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." (Citation and punctuation omitted.) *Wright*, 362 Ga. App. at 878 (2).

In this case, we must conclude that the trial court abused its discretion both in its application of the first prong of Rule 404 (b) and in its analysis of Rule 403's balancing test. With regard to the first prong, the trial court assumed the evidence could be relevant to identity or motive, but the trial court does not appear to have considered its admissibility to show modus operandi, plan, or preparation. This omission alone requires us to remand the case. Cf. *Olds v. State*, 299 Ga. 65, 77 (3), n. 18 (786 SE2d 633) (2016) (remanding for further consideration where Court of Appeals did not consider all of the purposes for which the evidence was potentially admissible under Rule 404 (b)).

Turning to the second prong, the trial court abused its discretion when it applied an incorrect legal standard to its Rule 403 analysis. First, the trial court seems to have ignored the prosecutorial need for this evidence, given Anderson's own

concession at the hearing that the evidence was the only link between him and the 2016 robbery. See *Brannon v. State*, 298 Ga. 601, 608 (4) (783 SE2d 642) (2016) (noting that prosecutorial need for evidence has a role in the common sense approach to admitting evidence under Rule 404 (b)); *Tariq-Madyun v. State*, 361 Ga. App. 219, 226-227 (3) (b) (863 SE2d 703) (2021) (evidence of other robberies was admissible under Rule 404 (b) in robbery trial when other evidence was limited); compare *Sloan v. State*, 351 Ga. App. 199, 210 (2) (e) (i)-(ii) (830 SE2d 571) (2019) (evidence inadmissible under Rule 403 because it suggested defendant was serial robber and there was ample evidence to establish intent).

Second, the trial court failed to consider whether the prejudice *substantially outweighed* the probative value, stating instead only that the prejudicial effect outweighed its probative value. *Butler v. State*, 309 Ga. 755, 761 (2) (b) (848 SE2d 97) (2020) (trial court applied wrong legal standard when it determined that the prejudicial effect merely outweighed the probative value, not that it substantially outweighed the probative value, and record showed that trial court was confused as to the purpose for which the evidence was being admitted);[5] *State v. Jackson*, 351 Ga.

---

[5] *Butler* involved a different statute under the old Evidence code, but that statute also required the court to determine that the "probative value of admitting the evidence substantially outweighed its prejudicial effect to the defendant." 309 Ga. at

9

App. 675, 677 (832 SE2d 654) (2019) (trial court erred in applying Rule 403 by not determining whether the prejudice *substantially outweighed* the probative value). Although the trial court used the "common sense assessment" language from our case law, this alone does not enable us to defer to the trial court; instead, the trial court's failure to consider the other purposes for the extrinsic evidence and to properly apply the Rule 403 balancing test requires that we remand the case.

For all these reasons, we vacate the trial court's order, and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and remanded with direction. Dillard, P. J., and Mercier, J., concur*.

---

760 (2) (b) (citing former OCGA § 24-9-84.1 (a) (2)).