**SECOND DIVISION
MARKLE,
LAND and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 13, 2025**

# In the Court of Appeals of Georgia

A24A1523. BROWN v. THE STATE.

PER CURIAM.

After a jury trial, Jonathan Brown was convicted of trafficking methamphetamine, possession of methamphetamine with intent to distribute, and two counts of fleeing or attempting to elude a police officer. He appeals from the order denying his motion for a new trial, arguing that the trial court erred by allowing the State to introduce evidence of his prior convictions. For the following reasons, we conclude that the trial court correctly denied Brown's motion for new trial and affirm.

Viewed in the light most favorable to the verdict,[1] the record shows that in July 2021, law enforcement officers observed Brown in the vehicle next to them, stopped

---

[1] See, e.g., *Harris v. State*, 313 Ga. 225, 226 (1) (869 SE2d 461) (2022).

at a traffic light. The officers had received information that Brown was armed and that he had large amounts of methamphetamine; the officers were also aware that there was an active parole warrant for Brown's arrest. Two of the officers recognized Brown and made eye contact with him. Brown then slumped down in his seat and when the traffic light changed Brown slowly drove behind the officers' vehicle. Eventually Brown drove in front of the officers' vehicle and the officers activated the blue lights and siren in an effort to apprehend him. Brown did not stop, but instead accelerated, and a 20-30 minute chase ensued.

During the high-speed chase, the officers saw Brown throw a backpack out of the window. One of the officers contacted local law enforcement personnel to search for the backpack as the pursuit continued. The officers never lost sight of Brown during the chase, which eventually ended in Tennessee when Brown struck a curb and a wheel of his car broke. When Brown was apprehended, the officers found $3,000 in cash in his possession.

Meanwhile, additional law enforcement officers found the backpack Brown had thrown from the car, which contained two glass pipes used for smoking methamphetamine, a lighter, scales, and several gallon bags of methamphetamine,

which weighed more than 800 grams and was packaged for resale. Near the backpack, law enforcement officers also found a holstered firearm with a magazine.

Brown was indicted for trafficking in methamphetamine, possession of methamphetamine with intent to distribute, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and two counts of fleeing a police officer.

Before trial, the State filed its notice of intent to introduce at trial evidence of other crimes for which Brown had been convicted under OCGA § 24-4-404 (b) ("Rule 404 (b)"). Specifically, the State identified Brown's convictions from November 2017 for possession of methamphetamine with intent to distribute and possession of a handgun while being a convicted felon, and from May 2010 for possession of methamphetamine and manufacturing methamphetamine. After a hearing, the trial court entered an order finding that evidence of the previous crimes was admissible to show motive, opportunity, intent, knowledge and absence of mistake or accident, and that the probative value of the evidence was not outweighed by the risk of unfair prejudice.

Brown was ultimately convicted of trafficking in methamphetamine, possession of methamphetamine with intent to distribute, and two counts of fleeing a police officer;[2] he was acquitted of the two firearm charges. He filed a motion for new trial, which the trial court denied. This appeal followed.

In his sole contention, Brown argues that the trial court abused its discretion by admitting evidence of his prior convictions under Rule 404 (b). We disagree.

On appeal, a "trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." *State v. Jones*, 297 Ga. 156, 159 (1) (773 SE2d 170) (2015). Under Rule 404 (b),

> [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

See *Jones*, 297 Ga. at 158 (1). Relevant evidence offered for a proper purpose may still be excluded under OCGA § 24-4-403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

---

[2] See OCGA §§ 16-13-31 (e) (3); 16-13-30 (b); 40-6-395 (a), (c) (4).

4

the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Thus, Georgia courts use a three-part test to determine the admissibility of evidence under Rule 404 (b): "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; [and] (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." (Citation and punctuation omitted.) *Smart v. State*, 299 Ga. 414, 417 (2) (788 SE2d 442) (2016).

Here, Brown attacks the first and second prongs of the admissibility three-part test. As to the first prong, Brown claims that the evidence of his prior convictions was admitted solely to impugn his character and that the prior convictions were too remote and dissimilar to be relevant.

Under Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Punctuation omitted.) *Jones*, 297 Ga. at 159 (2) (citing OCGA § 24-4-401). Brown's prior crimes were relevant to the issue of intent, which Brown placed in issue by entering a plea of

not guilty to the charged offenses. See *Hood v. State*, 309 Ga. 493, 499-500 (2) (847 SE2d 172) (2020).

The trial court did not abuse its discretion in admitting this evidence. The November 2017 conviction was for possession of methamphetamine and possession of a handgun while being a convicted felon — two offenses for which Brown was on trial and because the charges "were identical, the intent required to prove the crimes was necessarily the same." (Citation and punctuation omitted.) *Hargrove v. State*, 361 Ga. App. 106, 114 (2) (c) (i) (863 SE2d 364) (2021); see also *Hood v. State*, 299 Ga. 95, 101 (4) (786 SE2d 648) (2016) (evidence of defendant's prior unindicted drug sales relevant because the charged crime of possession with intent to distribute required the same intent). Similarly, as to Brown's prior methamphetamine possession and manufacturing convictions, "because no evidence showed [Brown] in actual possession of the [gallon bags of methamphetamine], the State was required to prove constructive possession, i.e., that he knowingly had both the power and intention at a given time to exercise control over the drugs." (Citation and punctuation omitted.) *Hargrove*, 361 Ga. App. at 114 (2) (c) (i). Accordingly, the prior convictions for

methamphetamine possession and manufacturing were relevant to establish Brown's intent to possess and control the methamphetamine found in the backpack. See id.

As to the second prong of the Rule 404 (b) test, Brown argues that any probative value of the prior convictions was substantially outweighed by unfair prejudice. Citing *Brooks v. State*, 298 Ga. 722 (783 SE2d 895) (2016), and *King v. State*, 230 Ga. App. 301, 303 (1) (496 SE2d 312) (1998) (decided under former OCGA § 24-2-2), Brown also argues that at the time of trial, his previous convictions were too remote to be probative or relevant.

Again, we disagree and find that "the trial court was authorized to find that the probative value of the extrinsic evidence was not substantially outweighed by the danger of unfair prejudice." *Smith v. State*, 373 Ga. App. 33, 37 (1) (___ SE2d ___) (2024).

> Rule 403 is an extraordinary remedy which should be used only sparingly. Even in connection with an analysis under Rule 404 (b), when determining whether the evidence should be excluded under the second prong, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact. In weighing the probative value of other acts evidence, a court may consider a number of factors, including (1) prosecutorial need, (2)

overall similarity of the other acts and the acts charged, and (3) the temporal remoteness of the other acts.

(Citations and punctuation omitted.) Id.; accord *Mitchell v. State*, 317 Ga. 107, 111 (1) (b) (891 SE2d 915) (2023). Here, the trial court did not abuse its discretion in applying the balancing test under Rule 403 and determining that the probative value of Brown's previous convictions was not substantially outweighed by any prejudicial impact. Additionally, the probative value of the evidence was strengthened by the prosecutorial need for it: the defense argued that there were no fingerprints on the backpack and no video footage of the chase. Accordingly, the prior convictions were probative to show Brown's intent. Id. at 112.

Similarly, we reject Brown's argument that the convictions were too remote to warrant consideration at his 2023 trial. To start with, the record indicates that Brown was in prison for five years starting in December 2014, and "our Supreme Court has explained that the prior crime need not be very recent, especially when a substantial portion of the gap in time occurred while the defendant was incarcerated." (Citations and punctuation omitted.) *Jernigan v. State*, 357 Ga. App. 415, 425 (2) (a) (ii) (848 SE2d 707) (2020) (affirming admission of conviction from ten years earlier when

defendant was incarcerated almost the entire time between the crimes); *Frazier v. State*, 309 Ga. 219, 227 (2) (845 SE2d 579) (2020) (affirming admission of manslaughter conviction from 18 years earlier when defendant had been in prison for much of that period); see also *Sloans v. State*, 360 Ga. App. 256, 259 (2) (861 SE2d 130) (2021) (finding that the 5, 11, and 12-year intervals between other acts and the charged crimes did not erode the probative value of the prior convictions).

Finally, during the trial when the State introduced the evidence of the prior convictions, the trial court instructed the jury that the evidence was admitted for a limited purpose and not for any other purpose. Then, during its charge to the jury, the trial court lessened any possible prejudicial impact of such evidence by giving a lengthy limiting instruction regarding the purposes for which the other convictions could be considered. Specifically, the trial court instructed the jury to consider the evidence for the limited purpose of proving knowledge, intent, motive, opportunity, accident, duress, coercion, or entrapment. The trial court also charged that the jury should not infer from such evidence that Brown was of a character that would commit such crimes; and the trial court reminded the jury that Brown was on trial for the crimes charged in the indictment and not for any other acts. The trial court further

9

cautioned the jury to "keep in mind the limited use and the prohibited use of this evidence[.]" This instruction reduced the risk of any unfair prejudice resulting from the admission of Brown's previous convictions. See *Jernigan*, 357 Ga. App. at 425 (2) (a) (ii); see also *Lofland v. State*, 357 Ga. App. 92, 97 (1) (a) (850 SE2d 175) (2020). On this record, Brown has not shown that the trial court abused its discretion in admitting the previous convictions and thus, we affirm.

*Judgment affirmed. Division Per Curiam. All Judges concur.*